UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAMIAN TRAPANI,

                          Plaintiff,

                                                      9:14-CV-0683
v.                                                    (GTS/CFH)

M. CORYER, Nurse Admin., Auburn Corr. Facility;
NICHOLAS WIWSIANYK, Corr. Officer, Auburn
Corr. Facility; SEAN REILLY, Corr. Officer, Auburn
Corr. Facility; GARY STEINBERG, Corr. Officer,
Auburn Corr. Facility; BRYAN VANTASSELL, Corr.
Officer, Auburn Corr. Facility; JAMES ELSER, Corr.
Officer, Auburn Corr. Facility; J. WRIGHT, Sergeant,
Auburn Corr. Facility; T. CLARK, Corr. Officer,
Auburn Corr. Facility; C. NOVAK, Corr. Officer,
Auburn Corr. Facility; JOHN DOE #7, Lieutenant,
Auburn Corr. Facility; JOHN DOE #10, Captain,
Auburn Corr. Facility; and MOHAMMAD MASUD
IQBAL, Psychiatrist, Auburn Corr. Facility,

                          Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

DAMIAN TRAPANI, No. 32911
  Plaintiff, *Pro Se*
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

HON. ERIC T. SCHNEIDERMAN                            NICOLE E. HAIMSON, ESQ.
Attorney General for the State of New York           Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

**<u>DECISION and ORDER</u>**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Damian

Trapani ("Plaintiff") against the twelve above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are Defendants' motion

to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to comply with a Court Order pursuant to

Fed. R. Civ. P. 41(b), and United States Magistrate Judge Christian F. Hummel's Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part.

(Dkt. Nos. 38, 44.)  None of the parties have filed an Objection to the Report-Recommendation,

and the deadline in which to do so has expired.  (*See generally* Docket Sheet.)  After carefully

reviewing the relevant papers herein, including Magistrate Judge Hummel's Report-

Recommendation, the Court can find no clear-error in that thorough Report-Recommendation.[1]

Magistrate Judge Hummel has employed the proper standards, accurately recited the facts, and

reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted

and adopted in its entirety for the reasons set forth therein.[2]

---

[1]     When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2]     The Court notes that it agrees that Plaintiff filed his excessive force claim against Defendants Steinberg, Vantassell and Elser eleven days late for slightly different reasons than those offered by Magistrate Judge Hummel.  Specifically, by the Court's count, 103 days (not 101 days) elapsed between February 18, 2011, and June 1, 2011, meaning that the statute of limitations appears to have expired on May 22, 2014 (not May 20, 2014).  However, while Plaintiff's Complaint appears to be dated June 1, 2014, his Civil Cover Sheet is clearly dated June 2, 2014, indicating that he initially submitted his package for mailing on Monday, June 2, 2014 (not on Sunday, June 1, 2014).  (Dkt. No. 1, Attach. 2.)  Even if the Court's calculations

2

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 38) is **GRANTED in part** and **DENIED in part** in the following respects:

(1) Plaintiff's Eighth Amendment excessive force claims against Defendants Steinberg, Vantassell and Elser arising from the incident on February 8, 2011, are **DISMISSED**, and those individuals are **TERMINATED** as Defendants in this action; but

(2) Plaintiff's three remaining claims (i.e., Plaintiff's Eighth Amendment excessive force claims against Defendants Wright, Clark, Novak, Reilly and Wiwsianyk arising from the incident of April 4, 2011, his First Amendment retaliation claim against Defendant Coryer, and his and Fourteenth Amendment due process claim against Defendant Iqbal) **SURVIVE** Defendants' motion to dismiss.

Dated: July 15, 2016
     Syracuse, New York

_Glenn Suddaby_
HON. GLENN T. SUDDABY
Chief United States District Judge

---

are in error, however, eleven days elapsed between the expiration of the limitations period and the filing of Plaintiff's referenced excessive force claim, according to Magistrate Judge Hummel's calculations.